UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER TREVINO CHAUTLA,<br><br>                              Petitioner,<br><br>v.<br><br>JOHN DOE, WARDEN, OTAY MESA DETENCION CENTER; ALEJANDRO MAYORKAS, SECRETARY OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), A COMPONENT OF DEPARTMENT OF HOMELAND SECURITY,<br><br>                              Respondents. | Case No.: 3:26-cv-1447-JES-AHG<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF NO. 1]** |

Before the Court is Petitioner Javier Trevino Chautla's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Response. ECF Nos. 2; 6, ("Res."). The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

1

## I.    BACKGROUND

Petitioner is a Mexican citizen who illegally entered the United States without inspection on some unknown date. Res. at 1; ECF No. 6-1 at 1. On February 1, 2025, following his second arrest for driving under the influence ("DUI"), Respondents took Petitioner into custody, pursuant to 8 U.S.C. § 1225(b), in Tampa, Florida. Res. at 1. Respondents then determined Petitioner to be inadmissible and initiated removal proceedings, pursuant to 8 U.S.C. § 1229(a), against him. *Id*. On April 8, 2025, Petitioner requested a custody redetermination hearing, but Petitioner withdrew his request for a bond hearing on April 25, 2025. ECF No. 6-1 at 14; *id*. at 11.

To date, Petitioner has not filed an asylum or CAT claim. However, Petitioner applied for Cancellation of Removal for Nonpermanent residents, under INA § 240A(b)(2). *Id*. at 24-25. On March 12, 2026, an immigration judge ("IJ") found Petitioner removable and denied his Cancellation of Removal application. *Id*. at 25.  Petitioner has until April 13, 2026, to appeal the IJ's decision, therefore, the removal order is not yet administratively final. *Id*. at 27; Res. at 1. Thus, Petitioner is currently being detained by Respondents under Section 1225, not Section 1231. *Id*. Petitioner seeks habeas relief based on the contention that his continued detention, without being provided a bond hearing, constitutes an arbitrary deprivation of liberty in violation of the Fifth Amendment.

## II.    DISCUSSION

The Court finds that the Petition's issues are identical to those raised in the Court's decision in *Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056 (S.D. Cal. Feb. 25, 2026). The Court, therefore, elects to follow the reasoning it stated in *Velazquez-Beltran* and incorporates it by reference. *Id*.

### A.    Jurisdiction

Although it raises no arguments to support such a request, the Government asks the Court to deny the Petition for lack of jurisdiction. The Court will do no such thing.

Based on the facts of this Petition, the Court finds that Section 1252's jurisdiction stripping provisions do not bar it from considering Petitioner's habeas petition. Further, the

prudential administrative exhaustion requirement for Section 2241 claims is excused. Imposing this requirement would be futile due to the BIA's precedential decision in *Matter of Yajure Hurtado*, 29 I&N 216 (BIA 2025). Thus, the Court finds that it has jurisdiction to hear the Petition.

**B.      Section 1226 Governs Petitioner's Detention**

The Government's substantive response argues that the Petition should be denied because: (1) Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2); and (2) his detention is not unconstitutionally prolonged. Res. at 3-10.

The first argument squarely conflicts with the overwhelming number of courts, not only from this Circuit but across the nation, that have come to the opposite conclusion. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-CV-1408, 2025 WL 2682255, at *9 (E.D. Va. Sept. 19, 2025) ("For all these reasons, ... Hasan's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures."); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1261 (W.D. Wash. 2025) ("Rodriguez has shown that the text of Section 1226, canons of interpretation, legislative history, and longstanding agency practice indicate that he is governed under Section 1226(a)'s 'default' rule for discretionary detention. The Court is persuaded that Rodriguez is likely to succeed on the merits that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sept. 19, 2025) ("The BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation. At least a dozen federal courts concur generally with this Court's interpretation of the statutory language as applied in this context."); *Barrera v. Tindall*, No. 3:25-CV-541, 2025 WL 2690565, at *5 (W.D. Ky. Sept. 19, 2025) ("Courts across the country have been faced with similar questions of law and fact presented by the United States. And *every court* who has examined this novel interpretation of Section 1225 by the United States has rejected their theory and adopted Petitioner's. This includes courts within

the Sixth Circuit, and across the country."); *Vazquez v. Feeley*, No. 2:25-CV-01542, 2025 WL 2676082, at *16 (D. Nev. Sept. 17, 2025) ("In sum, the Court finds that the text and canons of statutory interpretation, including the legislative history, regulations, and long history of consistent agency practice, as well as the doctrine of constitutional avoidance, demonstrate that Petitioner is likely to succeed in establishing he and similarly situated noncitizens are subject to detention under § 1226(a) and its implementing regulations, not § 1225(b)(2)(A).").

Here, Petitioner entered the United States without inspection, he was not apprehended upon arrival but had been living in the country for well over five years prior to this detention. The length of Petitioner's residency is evidenced by the date that Petitioner was first arrested for DUI (i.e., July 15, 2018). *See* ECF No. 6-1 at 4. These facts support the Court's finding that Section 1226(a)—and not Section 1225(b)(1) or Section 1231—governs Petitioner's detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).

Having established that Petitioner's detention is governed by Section 1226(a), the Court further finds that Petitioner is a member of the *Maldonado Bautista* Bond Eligible Class. *See Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F.Supp.3d ---, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) (defining the class as "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.").

Petitioner is, therefore, entitled to the declaratory relief entered by the Central District of California; that his current detention under 8 U.S.C. § 1225, is unlawful. *See Hernandez v. Otay Mesa Detention Center*, 2025 WL 3724913, at *1 (S.D. Cal. Dec. 24, 2025) (noting that Respondents conceded that because petitioner was a member of the bond

eligible class he was considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista*); *see also Mohammadi v. Larose*, 2025 WL 3731737, at *2 (S.D. Cal. Dec. 26, 2025) (holding that the final judgment issued in *Maldonado Bautista* provided independent support for why petitioner was not subject to mandatory detention).

Accordingly, the Court holds that Petitioner is entitled to, and will order Respondent to provide her with, a bond hearing under Section 1226(a).

### III.  CONCLUSION

Based on the foregoing:

(1) The Court **ORDERS** Respondents to provide Petitioner with a bond determination hearing, under 8 U.S.C. § 1226(a), within **seven (7) days** of this Order, or otherwise release him from custody, under the same conditions that existed before his detention;

(2) At the bond hearing, Respondents may not deny Petitioner bond, on the basis that he is detained under 8 U.S.C. § 1225(b)(2);

(3) Respondents are **ORDERED** to **FILE** a Notice of Compliance within **five (5) days** of providing Petitioner with a bond redetermination hearing; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: March 23, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-1447-JES-AHG